UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: HARVEST ENTITIES FAIR LABOR STANDARDS ACT    MDL No. 3022
(FLSA) AND WAGE AND HOUR LITIGATION

ORDER DENYING TRANSFER

**Before the Panel:** Defendants[1] move under 28 U.S.C. § 1407 to centralize this litigation in the District of Maryland or, alternatively, the Western District of Pennsylvania. The litigation consists of four actions pending in four districts, as listed on Schedule A. Plaintiffs in all actions oppose centralization and, in the alternative, propose the District of Maryland as the transferee district. The litigation concerns alleged federal and state labor law violations at 29 restaurants in the International House of Pancakes ("IHOP") franchise owned and operated by Harvest Hospitalities and its affiliates. The restaurants at issue are located in Pennsylvania, Maryland, New Jersey, and Virginia.

On the basis of the papers filed and the hearing session held,[2] we conclude that centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of the litigation. The actions undoubtedly share factual questions arising from allegations that defendants modify the time records of hourly employees to reduce their number of hours worked and compensation, and that the alleged time-shaving policies and practices stem from directives issued by upper management at Harvest Hospitalities. But where only a few actions are involved, the proponent of centralization bears a heavier burden to demonstrate that centralization is appropriate. *See In re Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010). Moving defendants have failed to meet that burden here.

The record before us indicates that informal coordination is a practicable and preferable alternative to centralization. The four actions before us are not complex, and there are few involved counsel. Plaintiffs in all actions share the same lead counsel, and defendants are

---

[1] The defendants are: Harvest Hospitalities, Inc., and alleged owner Sattar Shaik; Harvest Associates Incorporated; Harvest Pasadena, Inc.; Harvest Gambrills, Inc.; Harvest Kent Island, Inc.; Harvest Salisbury Inc.; Harvest Ocean City, Inc.; Harvest Olney, Inc.; Harvest Manassas Mall, Inc.; Harvest Manassas, Inc.; Harvest 493, Inc.; Harvest 591, Inc.; Harvest 575, Inc.; Harvest 568, Inc.; Harvest 3405, Inc.; Harvest 3614, Inc.; Harvest 2017, Inc.; Harvest 2051, Inc.; Harvest 2085, Inc.; and Harvest 4694, Inc.

[2] In light of the concerns about the spread of COVID-19 virus (coronavirus), the Panel heard oral argument by videoconference at its hearing session of January 27, 2022. *See* Supplemental Notice of Hearing Session, MDL No. 3022 (J.P.M.L. Jan. 10, 2022).

represented by three firms already coordinating with one another. Moreover, plaintiffs' counsel represent that they are willing to work cooperatively with defendants to avoid duplicative discovery. Given the few involved counsel and limited number of actions, informal coordination of discovery and pretrial motions appears to be practicable.[3] We also observe that discovery in one action (*Duke*) has closed, whereas the other actions remain in their infancy. Moreover, each of the four actions involves distinct and non-overlapping putative classes. The disparities in the actions' progress and class allegations further indicate that informal coordination of this litigation is preferable to centralization.

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Nathaniel M. Gorton        Matthew F. Kennelly
David C. Norton            Roger T. Benitez
Dale A. Kimball            Madeline Cox Arleo

---

[3] *See In re Dollar Tree Stores, Inc. Fair Labor Standards Act (FLSA) and Wage and Hour Litig.*, 829 F. Supp. 2d 1376, 1377 (J.P.M.L. 2011) (denying centralization of four actions alleging wage and hour law violations, explaining that they were "not particularly complex" and "informal cooperation to avoid duplicative proceedings is appropriate where most plaintiffs share counsel").

IN RE: HARVEST ENTITIES FAIR LABOR STANDARDS ACT  MDL No. 3022
(FLSA) AND WAGE AND HOUR LITIGATION

## SCHEDULE A

<u>District of Maryland</u>

MORALES, ET AL. v. HARVEST HOSPITALITIES, INC., ET AL., C.A. No. 1:21−02482

<u>District of New Jersey</u>

ROYAL, ET AL. v. HARVEST HOSPITALITIES, INC., ET AL., C.A. No. 3:21−17737

<u>Eastern District of Pennsylvania</u>

WILSON, ET AL. v. HARVEST HOSPITALITIES, INC., ET AL., C.A. No. 2:21−04274

<u>Western District of Pennsylvania</u>

DUKE v. HARVEST HOSPITALITIES, INC., ET AL., C.A. No. 2:20−00865